Mario GARCIA–DELGADO, Petitioner,

v.

Loretta E. LYNCH, Attorney
General, Respondent.

No. 14–72080.

United States Court of Appeals,
Ninth Circuit.

Submitted Jan. 20, 2016.*

Filed Jan. 27, 2016.

Maria Zlateva, Maria Zlateva, P.C., Salem, OR, for Petitioner.

Chief Counsel ICE, Office of the Chief Counsel Department of Homeland Security, San Francisco, CA, Alexander Jacob Lutz, OIL, Anthony Cardozo Payne, Senior Litigation Counsel, U.S. Department of Justice, Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and NGUYEN, Circuit Judges.

MEMORANDUM **

Mario Garcia–Delgado, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his motion for a continuance. We have jurisdiction under 8 U.S.C. § 1252. We review for abuse of discretion the denial of a continuance, *Garcia v. Lynch*, 798 F.3d 876, 881 (9th Cir.2015), and review de novo questions of law and claims of due process violations, *Mohammed v. Gonzales*, 400 F.3d 785, 791–92 (9th Cir.2005). We deny the petition for review.

The agency did not abuse its discretion in denying Garcia–Delgado's motion for a continuance to seek post-conviction relief where he failed to show good cause. *See* 8 C.F.R. § 1003.29 (an IJ may grant a motion for a continuance for good cause shown); *Sandoval–Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir.2008) (the denial of a continuance was within the agency's discretion where relief was not immediately available to the petitioner). Accordingly, Garcia–Delgado's due process claim fails. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir.2000) (requiring error and substantial prejudice to prevail on a due process claim).

The agency applied the correct legal standard in deciding Garcia–Delgado's motion to continue, where the agency invoked the applicable "good cause" legal standard and cited pertinent legal authorities. *See Mendez–Castro v. Mukasey*, 552 F.3d 975, 980 (9th Cir.2009) (concluding that the agency applies the correct legal standard where it expressly cites and applies relevant case law in rendering its decision).

**PETITION FOR REVIEW DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.